# EXHIBIT H

NATIONAL ATM COUNCIL, INC., *et al.*,

                      Plaintiffs,

        v.

VISA INC., *et al.*,

                      Defendants.

Civil Action No. 1:11-Cv-1803-RJL
Assign Date: 8/4/2015
Description: Antitrust – Class Action

---

ANDREW MACKMIN, *et al.*,

                      Plaintiffs,

        v.

VISA INC., *et al.*,

                      Defendants.

Civil Action No. 1:11-Cv-1831-RJL
Assign Date: 8/4/2015
Description: Antitrust – Class Action

---

MARY STOUMBOS,

                      Plaintiff,

        v.

VISA INC., *et al.*,

                      Defendants.

Civil Action No. 1:11-Cv-1882-RJL
Assign Date: 8/4/2015
Description: Antitrust – Class Action

## <u>NOTICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Cabe & Cato, Inc.; Just ATMs, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Meiners Development Company of Lee's Summit, Missouri, LLC; Mills-Tel, Corp. d/b/a First American ATM; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc.; and Randal N. Bro d/b/a T & B Investments, by and through their undersigned attorneys, MoginRubin LLP, will serve the

attached subpoena for the production of documents on Fidelity National Information Services, Inc. (FIS), pursuant to Fed. R. Civ. P. 45.

Dated:  February 7, 2018

By:  */s/ Jonathan L. Rubin*
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
Jennifer Oliver (*pro hac vice*)
MOGINRUBIN LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
jwilliams@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Cabe & Cato, Inc.; Just ATMs, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Meiners Development Company of Lee's Summit, Missouri, LLC; Mills-Tel, Corp. d/b/a First American ATM; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February 2018, I caused to be served a true and correct copy of the foregoing *Notice of Subpoena* to counsel of record at the email addresses listed below.

*/s/ Jonathan L. Rubin*
Jonathan L. Rubin

**Hagens Berman**
Jennifer Connolly jenniferc@hbsslaw.com
Ben Harrington benh@hbsslaw.com
Robert Haegele robert@hbsslaw.com
Steve Berman steve@hbsslaw.com
Anthony Shapiro tony@hbsslaw.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

**Quinn Emanuel**
Adam Wolfson adamwolfson@quinnemanuel.com
Mike Bonanno mikebonanno@quinnemanuel.com
Dallas Bullard dallasbullard@quinnemanuel.com
Jon Corey joncorey@quinnemanuel.com
Lauren Weeman Misztal
laurenmisztal@quinnemanuel.com
Shon Morgan shonmorgan@quinnemanuel.com
Stephen Neuwirth
stephenneuwirth@quinnemanuel.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

**Don Resnikoff Law**
Don Allen Resnikoff
donresnikoff@donresnikofflaw.com

*Counsel for Plaintiffs Business Resource Group, Inc., Mills-Tel, Corp., National ATM Council, Inc., Selman Telecommunications Investment Group, LLC, T&T Communications, Inc., Trinity Holdings Ltd, Inc., Turnkey ATM Solutions, LLC, Wash Water Solutions, Inc., ATM Bankcard Services, Inc., ATMs of the South, Inc., Cabe & Cato, Inc., Just ATMs, Inc., Meiners Development Company of Lee's Summit, Missouri, LLC, Randal N. Bro, Scot Gardner*

**MoginRubin**
Jonathan Rubin jrubin@moginrubin.com
Jennifer Oliver joliver@moginrubin.com
Dan Mogin dmogin@moginrubin.com
Jodie Williams jwilliams@moginrubin.com

*Counsel for Plaintiffs Business Resource Group, Inc., Mills-Tel, Corp., National ATM Council, Inc., Selman Telecommunications Investment Group, LLC, T&T Communications, Inc., Trinity Holdings Ltd, Inc., Turnkey ATM Solutions, LLC, Wash Water Solutions, Inc., ATM Bankcard Services, Inc., ATMs of the South, Inc., Cabe & Cato, Inc., Just ATMs, Inc., Meiners Development Company of Lee's Summit, Missouri, LLC, Randal N. Bro, Scot Gardner*

**Mehri & Skalet**
Craig Briskin cbriskin@findjustice.com
Cyrus Mehri cmehri@findjustice.com
Joanna Wasik jwasik@findjustice.com

**Finkelstein Thompson**
Doug Thompson
dthompson@finkelsteinthompson.com
Michael G. McLellan
mmclellan@finkelsteinthompson.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

**Lovell Stewart Helebian Jacobson**
GSJacobson GSJacobson@lshllp.com
Christopher Lovell CLovell@lshllp.com

*Interim Class Counsel for the Independent ATM Consumers*

**Skadden Arps Slate Meagher & Flom**
Boris Bershteyn Boris.Bershteyn@skadden.com
Peter Greene peter.greene@skadden.com
Creed, Tanisha A Tanisha.Creed@skadden.com
Harry Koulos Harry.Koulos@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

**Patterson Bellknap Webb & Tyler**
William F. Cavanaugh wfcavanaugh@pbwt.com
Jesse Townsend jtownsend@pbwt.com
Eric LaPre elapre@pbwt.com
Daniel Ruzumna druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*

*Interim Class Counsel for the Independent ATM Consumers*

**Arnold Porter Kaye Scholer**
Mark R. Merley Mark.Merley@apks.com
Matthew A. Eisenstein Matthew.Eisenstein@apks.com
Rosemary Szanyi Rosemary.Szanyi@apks.com
Karen Otto Karen.Otto@apks.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

**Morrison Foerster**
Mark Ladner mladner@mofo.com
Michael Miller MBMiller@mofo.com
Adam Hunt adamhunt@mofo.com
Jessica Kaufman jkaufman@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

**Paul Weiss**
Kenneth A. Gallo kgallo@paulweiss.com
Justin Anderson janderson@paulweiss.com
Gary R. Carney gcarney@paulweiss.com
Benjamin Symons bsymons@paulweiss.com
Donna M. Ioffredo dioffredo@paulweiss.com
Michelle S. Kallen mkallen@paulweiss.com
Zachary Alan Dietert zdietert@paulweiss.com

*Counsel for Defendants Mastercard Incorporated, and Mastercard International Incorporated*

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| National ATM Council, Inc., et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Visa Inc., et al. | ) |
| _Defendant_ | ) |

Civil Action No. 1:11-cv-01803-RJL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Fidelity National Information Services,
        c/o CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Accurate Serve, Attn: Beau
        151 N. Nob Hill Rd. Suite 378
        Plantation, Florida 33324    (844) 942-2877

| Place: | Date and Time: |
|---|---|
| See Schedule A to subpoena (attached) | 03/09/2018 9:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/07/2018

CLERK OF COURT

_____        OR        _____
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Jonathan L. Rubin/MoginRubin LLP 1615 M St., NW, Third Floor, Washington, D.C. 20036/(202)630-0616

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  1:11-cv-01803-RJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFINITIONS

Where used in this subpoena, the terms identified below shall have the following definitions:

A.　　"ATM Access Fee" means any per-transaction fee or surcharge levied or charged by a deployer of ATMs to ATM Cardholders at the time of an ATM Transaction;

B.　　"ATM Access Fee Rules" means any rule, policy, procedure, mandate, operating regulation, or other requirements enacted or promulgated by an ATM Network that regulates or restricts the ATM Access Fee that may be charged by and ATM Acquirer or ATM Operator for ATM Transactions initiated over that ATM Network;

C.　　"ATM Acquirer" is a financial institution that deploys ATMs to serve its customers and the general public with retail ATM services, or a financial institution that is a Sponsoring Bank for ATM Operators, or both;

D.　　"ATM Card" means any payment card that allows a consumer to access or transact with an account maintained at an ATM Card Issuer through the use of an ATM;

E.　　"ATM Cardholder" is a consumer that has been issued an ATM Card that allows the consumer to access an account maintained by an ATM Card Issuer;

F.　　"ATM Card Issuer" is a financial institution that issues ATM Cards;

G.　　"ATM Interchange Fee" means any per-transaction fee paid by an ATM Card Issuer for an ATM Transaction;

H.　　"ATM Network" refers to any entity operating a PIN debit or electronic funds transfer network that facilitates ATM Transactions by connecting ATMs to accounts maintained by ATM Cardholders at an ATM Card Issuer. "ATM Network" includes Defendants.

I.	"ATM Network Fee" means any fee collected by or remitted to any ATM Network on a per-transaction basis for each ATM Transaction;

J.	"ATM Operator" means any enterprise, other than a financial institution or bank, that deploys ATM terminals to provide retail ATM services to the public in the States and Territories of the United States. "ATM Operator" includes Plaintiffs and any entity that is Your parent or subsidiary entity, by legal ownership, in whole or in part;

K.	"ATM Transaction" means any transaction initiated by an ATM Cardholder at an ATM;

L.	"Defendants" refers to Visa Inc., Visa U.S.A. Inc., Visa International Service Association, Plus System, Inc., Mastercard Incorporated, and Mastercard International Incorporated d/b/a MasterCard Worldwide;

M.	"Document" is used in the broadest possible sense and has the meaning set forth in Federal Rule of Civil Procedure 34, including any form of electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," any other electronic files, computer transmissions, databases, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing, archived and back-up tapes, and electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes;

N.	"Electronic data" means all information of any kind maintained by electronic data processing systems and includes all non-identical copies of such information;

O.	"Plaintiffs" refers to ATMs of the South, Inc.; Business Resource Group, Inc.; Cabe & Cato, Inc.; Just ATMs, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Meiners Development Company of Lee's Summit, Missouri, LLC; Mills-Tel, Corp. d/b/a First American ATM; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI;

Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments.

P.       "Relevant Time Period" means on or after October 1, 2007 until the present.

Q.       "Request" means one or more of the Document Requests set forth hereinbelow.

R.       "Sponsoring Bank" means a financial institution that is a member of or affiliated with one or more ATM Networks and which sponsors access by ATM Operators to the services of some or all of those ATM Networks.

S.       "You" or "Your" means Fidelity National Information Services ("FIS"), and any predecessor entity, including any and all representatives, agents, employees, and all other persons acting or purporting to act on any or all of their behalf, whether authorized or not.

## **INSTRUCTIONS**

1.       Unless otherwise stated in the particular Request, or unless otherwise agreed upon by the parties or ordered by the Court, each Request seeks Documents generated, created, received, or distributed during the Relevant Time Period.

2.       Any Documents You produce may be designated "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order in this litigation.  A copy of that Protective Order is attached as Exhibit 1 hereto.

3.       If any responsive Document was, but no longer is, in the possession of or subject to Your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance, explain the circumstances surrounding this, and state the date or approximate date of such disposition.

4.  If any Document responsive to these Requests is withheld because you claim such Document is privileged or for any other reason, provide the information required by Federal Rule of Civil Procedure 26(b)(5) in a separate privilege log accompanying your responses.

5.  Where an objection is made to any Request, the objection shall state with specificity all grounds therefor.

6.  Pursuant to Federal Rule of Civil Procedure 34(b), Documents shall be produced as they are kept in the usual course of business and shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. Electronic Data, as that term is defined herein, should be produced in electronic form.

7.  Each page or sheet produced is to be marked so as to identify the entity that is producing the Document and with consecutive document control numbers. Also, for each Document or group of Documents, please identify the individual employee or other person(s) from whose files the Documents were obtained, or if not obtained from an individual's files, the department from which the Documents were obtained

8.  These Requests are continuing in nature and require supplemental responses to the extent called for by Federal Rules of Civil Procedure 26(e).

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Any Documents or Electronic Data in your possession, custody, or control that indicate the number of ATM terminals served by You for each month during the Relevant Time Period and the number of ATM Transactions at each such terminal during each such month for each ATM Network utilized.

**DOCUMENT REQUEST NO. 2:**

For each month during the Relevant Time Period and for each ATM Acquirer or ATM Operator for which You provided processing services during any such month, produce Electronic Data or Documents that indicates the monthly totals of the ATM Interchange Fees remitted by ATM Card Issuers for those transactions through each ATM Network utilized, the monthly total of ATM Network Fees collected by each ATM Network utilized, the monthly total of any other per-transaction fees paid to any entity other than an ATM Acquirer or ATM Operator and the identity of the entity paid, and the monthly total of the net ATM Interchange Fee remitted to each such ATM Acquirer or ATM Operator.

**DOCUMENT REQUEST NO. 3:**

Any Electronic Data or Documents in your possession, custody, or control that indicates the number and dollar volume of ATM Transactions conducted each year during the Relevant Time Period at each ATM owned or operated by any ATM Acquirer or ATM Operator that You have done business with, broken out by ATM Network.

**DOCUMENT REQUEST NO. 4:**

Any Documents that indicate any ATM Access Fee Rule established or communicated to You by any ATM Network during the Relevant Time Period.

**DOCUMENT REQUEST NO. 5:**

Any Documents that indicate a schedule or compilation of ATM Interchange Fees for ATM Transactions received from or communicated by any ATM Network during the Relevant Time Period.

**DOCUMENT REQUEST NO. 6:**

Any Documents addressing the economic, competitive, efficiency or other effect of any ATM Access Fee Rule, including any requests for waiver of the rule(s), comments or complaints concerning such rule(s), or any modification, suspension or repeal of the rule(s).

**DOCUMENT REQUEST NO. 7:**

Any Documents received or created by You addressing any reduction(s) in net ATM Interchange Fees remitted to ATM Acquirers or ATM Operators during the Relevant Time Period.

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



FILED

JAN 3 0 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>VISA INC., *et al.*,<br><br>        Defendants. | No. 1:11-cv-01803-RJL |
| ANDREW MACKMIN, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>VISA INC., *et al.*,<br><br>        Defendants. | No. 1:11-cv-01831-RJL |
| MARY STOUMBOS,<br><br>        Plaintiff,<br><br>    v.<br><br>VISA INC., *et al.*,<br><br>        Defendants. | No. 1:11-cv-01882-RJL |

## STIPULATED PROTECTIVE ORDER

In order to protect private and confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, and pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), the undersigned parties to the captioned actions,

by and through counsel, agree and stipulate to this Protective Order, which binds all counsel in this action:

## I.    Types of Materials Which May Be Designated Confidential or Highly Confidential

1.      Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, transcripts of and exhibits used during depositions and court proceedings, and any other material or information, produced pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) or in response to discovery requests in this litigation, including any such material initially produced in another litigation (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" in accordance with this Protective Order.

2.      "Confidential Information" shall include any Discovery Material which is not in the public domain and contains any private,[1] trade secret or other confidential financial, research, development, or commercial information.

3.      "Highly Confidential Information" shall include any Confidential Information which is so competitively sensitive that it is entitled to extraordinary protections.

4.      Any copies or reproductions, excerpts, summaries, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

---

[1]   Private information includes, but is not limited to, social security numbers, dates of birth, and financial account numbers.

II.    **Designation of Discovery Materials as Confidential or Highly Confidential**

5.    Each party or non-party that designates Discovery Materials as Confidential or Highly Confidential Information shall take care to limit any such designations to material that qualifies under the standards set forth in this Order.

6.    Any Discovery Materials that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or non-party by (i) providing copies of the documents, material, or information so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER", "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER", or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY"; or (ii) at the time of their production or as soon thereafter as practicable, furnishing a separate written notice to the undersigned counsel for the party receiving such Discovery Materials specifically identifying the documents or materials as "Confidential" or "Highly Confidential," so long as the producing party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 6(i) within 5 business days or as many days as the parties shall agree.

7.    Any Discovery Material initially designated as Confidential or Highly Confidential in prior litigation, which subsequently lost its designation pursuant to a court order, or was publicly filed in the prior litigation, shall be treated in this action consistent with its final status in the prior litigation. In order to assist the receiving party in identifying formerly Confidential or Highly Confidential materials that either subsequently lost their designation or were publicly filed, when a producing party re-produces a discrete set of Discovery Materials from a prior litigation, the producing party will identify, by name, matter number, and jurisdiction, the matter(s) in which the Discovery Materials were produced. To the extent a

3

producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

8.      Any deposition testimony concerning a Confidential or Highly Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or video recording.

9.      Deposition testimony and the transcripts and video recordings thereof for depositions conducted during pretrial discovery in this litigation shall be treated as Highly Confidential for a period of 40 days, or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information contained therein.  Such Highly Confidential or Confidential Information shall be designated by page and line number, and discs or other storage media shall be labeled in accordance with the provisions of this Order.

10.      A copy of this Order shall be included with each subpoena served on non-parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena.

11.      In any instance where a producing party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of their redesignation.  Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

4

## III.    **Inadvertent Production**

12.    If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

13.    Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate.

14.    Pursuant to Fed. R. Evid. 502(d), inadvertent production of any document produced pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) or in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection.  The provisions of Federal Rule of Evidence 502(b) are inapplicable to Inadvertently Produced Privileged Documents under this Order.  A party or non-party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production (i.e. attorney-client privilege, attorney work product, etc.) within 10 business days of discovery of the inadvertent production.  The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

(a)     The producing party shall include privilege log entries for the
Inadvertently Produced Privileged Document(s) as part of its production of privilege
log(s) to the receiving party at a date agreed upon by the parties.  If the Notice of Recall
is issued after the initial production of privilege logs, the producing party shall provide a
privilege log for the recalled documents to the receiving party within 5 business days of
the Notice of Recall.  If the recall involves redaction of the Inadvertently Produced
Privileged Document(s), the redacted version of the document shall be provided
simultaneously with the privilege log.

(b)     The privilege log shall comply with Fed. R. Civ. P. 26(b)(5).

(c)     Upon receipt of the Notice of Recall, the receiving party must decide
whether to challenge the Notice of Recall within 7 business days or wait until receipt of
the final privilege logs to make any privilege challenges.  If the receiving party does not
challenge the Notice of Recall within 7 business days and chooses to wait until receipt of
the final privilege logs to make any privilege challenges, it must destroy the recalled
document(s) within 10 business days of receipt of the Notice of Recall and refrain from
reviewing the same for any purpose. All electronic copies shall likewise be deleted or
otherwise be permanently removed from any database(s) within 10 business days of
receipt of the Notice of Recall.

(d)     If the receiving party challenges the privilege claim within 7 business days
after receiving the Notice of Recall, it may sequester up to two hard copies of a recalled
document.  The sequestered documents may not be used for any purpose other than to
challenge the Notice of Recall until resolution of the challenge. All other hard copies of
an Inadvertently Produced Privileged Document must be destroyed, and electronic copies

of the document (including those maintained on a database) rendered unviewable, within

10 business days of receipt of the Notice of Recall.

(e)     If the receiving party challenges the privilege claim within 7 business days

after receiving the Notice of Recall, it shall request a meet and confer to discuss the

appropriateness of the privilege claim(s).  The parties shall thereafter meet and confer

within 10 business days, or as soon thereafter as agreed upon by the parties.

(f)     If, after compliance with the foregoing steps (a) through (e), the receiving

party concludes that it disputes the validity of the claim of privilege of a recalled

document, it may file a motion to challenge the privilege claim.  The parties agree that

any sequestered Inadvertently Produced Privileged Documents subject to the motion may

be submitted to the Court for *in camera* review.  Unless otherwise agreed by the parties

or ordered by the Court, all such motions shall be made on notice, with briefing schedule

and page limits agreed by the parties or set by the Court.  If the receiving party does not

file a motion within 10 days after conclusion of the meet and confer, the receiving party

must certify destruction of the recalled document, including all sequestered copies, no

later than 3 business days after the expiration of the 10-day period.

(g)     Unless the receiving party's motion to compel is successful or the

privilege claim is withdrawn, there may be no use of a recalled document for any purpose

other than resolving claims of privilege.

(h)     If the recall of a document is made during the taking of a deposition or

shortly before the occurrence of a deposition, the examining counsel and defending

counsel shall meet and confer in good faith at the earliest possible opportunity to

determine appropriate steps under the circumstances, consistent with this Protective

7

Order.  In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

(i)     To the extent previously-produced documents were inadvertently produced and retracted in any prior litigation, the inadvertent reproduction of such documents in this case shall not be deemed a waiver of privilege.

**IV.     <u>Permissible Uses of Discovery Material</u>**

15.     All persons obtaining access to Discovery Material produced in connection with this action shall use it only for the purpose of this litigation and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this action or in prior litigation.  Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

16.     Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

17.     Confidential Information may be disclosed only to the following persons:

(a)     The Court;

(b)     Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

8

(c)     Consultants, experts, or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action, provided that any retained consultant or expert is not, at the time Discovery Material is disclosed, a defendant in this action or an employee of a defendant in these actions (nor known to the engaging party to have accepted an offer to become an employee of a defendant in these actions).

(d)     Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

(e)     Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto;

(f)     During their depositions, witnesses in the action to whom the disclosure is reasonably necessary, consistent with the provisions of paragraphs 21 and 23 below;

(g)     In house-counsel, legal assistants, and other legal staff for each of the parties.  Parties that do not employ in-house counsel may each designate, and identify to the other parties, one officer, director, or employee in the place of in-house counsel pursuant to this provision.  No party shall disclose Confidential Information to a designated non-legal staff person pursuant to this paragraph until: (1) the proposed

recipient has executed a confidentiality agreement in accordance with the procedures set forth in paragraph 21, and (2) notice of the designation and intended disclosure has been provided to all parties without objection for at least 7 business days.  The Court will entertain any objection to the disclosure of Confidential Information pursuant to this paragraph that is made within 7 business days of receipt of notice of the intended disclosure.

18.     Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (e) in paragraph 17 above.

19.     Notwithstanding the provisions in paragraphs 17 and 18 above, Confidential and Highly Confidential Information may be disclosed to any employee of the party or non-party producing such information.

20.     Without limiting any other disclosure permitted under this Order, counsel for a party may disclose (i) Highly Confidential Information to any witness at a deposition or (ii) Confidential or Highly Confidential Information to a witness outside a deposition, provided counsel has obtained consent of counsel for the producing party or non-party.  Such consent shall not be unreasonably withheld.  However, counsel need not obtain consent if (i) the person is an author or recipient of the Confidential or Highly Confidential Information; or (ii) the person is a former employee of the producing party or non-party and is known to have prior knowledge of the specific document containing the Confidential or Highly Confidential Information to be disclosed; or (iii) the person is a former employee of the producing party or non-party and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed.

21.     Persons described in paragraph 17(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court.  A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 17(c) (and associated personnel), 17(e), or 17(f) must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) attempt to obtain the recipient's execution of a confidentiality agreement in accordance with the procedures set forth in paragraph 23.

22.     Nothing in this Order shall prevent any counsel from advising his or her client concerning this litigation and, in the course of providing such advice, from referring to or disclosing generally Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

23.     Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such Confidential Information, the witness and court reporter(s) are furnished with a copy of this Order, and are shown a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information.  I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Court's Protective Order of [date entered] in this matter. I have been given a copy of and have read this Order and agree to be bound by its terms."

Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain their execution of the confidentiality agreement.  Witnesses not represented by a party's counsel shall be provided with

a copy of this Order at the start of the examination, and shall be advised on the record that he or

she is subject to sanctions for violating the terms of this Order.  If a witness refuses to execute a

copy of the confidentiality agreement, the admonition in the immediately preceding sentence

shall serve as a substitute for the execution of the confidentiality agreement, and shall be

sufficient to allow for examination of the witness as to Confidential Information.

## V.     Challenges to Confidential or Highly Confidential Designations

24.     A receiving party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is

disclosed.

25.     If any party disagrees with the designation by the producing party or non-party of

any Discovery Material as Confidential or Highly Confidential Information, then the parties to

the dispute, after providing notice to all parties in this action, will first promptly meet and confer

in an attempt to resolve the dispute before presenting the dispute to the Court.  All items objected

to shall continue to be treated as Confidential or Highly Confidential pending resolution of the

parties' dispute.  If the dispute can be resolved, all parties shall promptly be informed of the

resolution.  If the dispute cannot be resolved informally, the disputing party may move the Court

for a redesignation of the Discovery Material.  Until the Court rules on the motion, the material

shall be treated consistent with its existing designation.

26.     The producing party or non-party bears the burden of persuading the Court that

the information is in fact Confidential or Highly Confidential within the definition(s) of those

term(s) set forth above.  In the event the final ruling is that the challenged material is not

Confidential or Highly Confidential, the producing party shall, at its expense, reproduce copies

of all materials with their designations removed or revised within 30 days of such ruling.

27.     Entering into, agreeing to, and/or complying with the terms of this Order shall not:  (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable financial, trade secrets, or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order; or (v) to seek documents or other information from any source.

## VI.     Efforts by Non-Parties to Obtain Confidential Information

28.     If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall notify the producing party or non-party no later than 7 business days following receipt of the subpoena (but in no event later than 7 business days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the producing party may file a motion for a protective order or to quash the subpoena.  In the event the producing party files such a motion, the subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

29.     The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

## VII.    Procedures Concerning Third-Party Materials

30.     To the extent a party to this action is required to produce Discovery Materials that were initially produced in a prior litigation, or which otherwise contain information supplied by a non-party to this action, or which are covered by a nondisclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production in this action of such Third-Party Materials, the producing party should initiate the steps necessary to comply with any pre-production notice requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements").  Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third Party Materials in this action, the producing party shall promptly produce such Third-Party Materials.  The Parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights in the production of these Discovery Materials.

31.     In the event a producing party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the producing party may request the return of the Inadvertently Produced Third-Party Materials, and the possessing parties shall within 5 business days return or destroy such Inadvertently Produced Third-Party Materials, except that, in the event a possessing party expects to move for an order allowing continued retention and use of the recalled Inadvertently Produced Third-Party Materials, the possessing party may retain one copy of such

14

materials, solely for use in connection with such a motion.  Promptly after discovering its

production of Inadvertently Produced Third-Party Materials, the producing party shall comply

with any applicable Third-Party Notice Requirements.

**VIII.**   **Redactions and Filing Under Seal**

32.     All Confidential or Highly Confidential Information filed with the Court shall be

redacted or filed under seal pursuant to LCvR 5.1(h) & 5.4(f).  Where possible, only confidential

portions of filings with the Court shall be filed under seal.

33.     The parties shall take all necessary steps to ensure that discussions of Confidential

or Highly Confidential Information during court proceedings are so designated and redacted

from publicly filed transcripts of those proceedings.

**IX.**   **Use of Confidential or Highly Confidential Information at Trial**

34.     In the event that a receiving party intends to use another party's Confidential

Information or Highly Confidential Information in any trial, hearing, or proceeding in these

actions, and there is any dispute as to whether such material continues to be Confidential or

Highly Confidential, the parties will meet and confer to resolve such dispute.  Pursuant to the

procedure in paragraph 25 of this Order, the parties shall confer and attempt to agree before any

trial, hearing, or proceeding in these actions on the procedures under which a receiving party

may introduce into evidence or otherwise use at such trial or hearing another party's Confidential

or Highly Confidential Information.  Upon reaching agreement, the parties shall submit the terms

of such agreement to the Court for its consideration.  Absent agreement, the Court shall be asked

to issue an order governing the use of such Confidential and Highly Confidential Information at

trial, hearing, or proceeding upon reasonable notice to all parties who have produced such

information.

35.     The parties shall confer and attempt to agree before any trial, hearing, or proceeding in these actions on the procedures under which a receiving party may introduce into evidence or otherwise use at such trial or hearing a non-party's Confidential or Highly Confidential Information.  Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial, hearing, or proceeding, and shall submit the terms of such agreement to the Court for its consideration.  Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial, hearing, or proceeding, upon reasonable notice to all non-parties who have produced such information.

## X.     Procedures upon Termination of Action

36.     After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any Discovery Material the producing party or non-party has provided (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter), which request shall be honored.  If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed.  Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any Discovery Material.  To the extent any person retains copies of certain documents pursuant to the terms of this paragraph, such information shall continue to be subject to the protections provided by this Order.  In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from

Discovery Materials shall continue even after such Discovery Materials are returned or destroyed.

## XI.   **Miscellaneous**

37.     This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

38.     Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 20, 2017

By:  /s/Jonathan L. Rubin
    Jonathan L. Rubin (D.C. Bar No. 353391)
    Don A. Resnikoff (D.C. Bar No. 386688)
    RUBIN PLLC
    1250 24th Street, N.W., Ste. 300
    Washington, D.C. 20037
    Tel: (202) 776-7763
    Fax: (877) 247-8586
    jr@rubinpllc.com

    Daniel J. Mogin (*pro hac vice*)
    Jodie M. Williams (*pro hac vice*)
    THE MOGIN LAW FIRM, P.C.
    707 Broadway, Suite 1000
    San Diego, CA  92101
    Tel: (619) 687-6611
    Fax: (619) 687-6610
    dmogin@moginlaw.com

    *Counsel for Plaintiffs the National ATM*
    *Council, Inc.; ATMs of the South, Inc.;*

*Business Resource Group, Inc.; Cabe & Cato, Inc.; Just ATMs, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Meiners Development Company of Lee's Summit, Missouri, LLC; Mills-Tel, Corp. d/b/a First American ATM; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated:  January 20, 2017

By: /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com

Lauren Weeman Misztal

18

(D.C. Bar No. 1015897)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
laurenmisztal@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@Findjustice.com

*Counsel for Plaintiffs Andrew Mackmin,
Barbara Inglis, and Sam Osborn*

Dated:  January 20, 2017

By: */s/ Michael G. McLellan*
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1077 30th Street, NW, Suite 150
Washington, D.C. 20007
Telephone: (202) 337-8000

*Counsel for Plaintiff Mary Stoumbos*

Dated:  January 20, 2017

By: */s/ Mark R. Merley*
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@apks.com
matt.eisenstein@apks.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated:  January 20, 2017                    By: /s/ Kenneth A. Gallo

Kenneth A. Gallo (D.C. Bar No. 371253)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants MasterCard Incorporated and MasterCard International Incorporated*

Dated:  January 20, 2017                    By: /s/ Michael B. Miller

Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated:  January 20, 2017

By: /s/ Peter E. Greene
    Peter E. Greene (D.C. Bar No. 305607)
    Boris Bershteyn (*pro hac vice*)
    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
    4 Times Square
    New York, NY 10036
    Tel.: (212) 735-3620
    Fax: (917) 777-3620
    peter.greene@skadden.com

    *Counsel for Defendants Chase Bank USA,*
    *N.A.; JPMorgan Chase & Co.; and JPMorgan*
    *Chase Bank, N.A.*

Dated:  January 20, 2017

By: /s/ William F. Cavanaugh Jr.
    William F. Cavanaugh, Jr. (*pro hac vice*)
    Daniel S. Ruzumna (D.C. Bar No. 450040)
    PATTERSON BELKNAP WEBB & TYLER
    LLP
    1133 Avenue of the Americas
    New York, NY 10036
    Tel.: (212) 336-2000
    Fax: (212) 336-2222
    wfcavanaugh@pwbt.com
    druzumna@pbwt.com

    *Counsel for Defendants Wells Fargo &*
    *Company and Wells Fargo Bank, N.A.*

IT IS SO ORDERED:

Richard J. Leon
UNITED STATES DISTRICT JUDGE

Dated: 1/29/17

21