# EXHIBIT I

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>      Plaintiffs,<br>  v.<br><br>VISA INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-Cv-1803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>      Plaintiffs,<br>  v.<br><br>VISA INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-Cv-1831-RJL Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| MARY STOUMBOS,<br><br>      Plaintiff,<br>  v.<br><br>VISA INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-Cv-1882-RJL Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

## **NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that Plaintiffs Andrew Mackmin and Sam Osborn, by and through their undersigned attorneys, will serve the attached subpoena for production of documents on Fidelity Nation Information Services, Inc., pursuant to Fed. R. Civ. P. 45.

Dated: February 23, 2018

By: */s/ Craig L. Briskin*
Craig L. Briskin
Cyrus Mehri
Joanna Wasik
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
cbriskin@findjustice.com

Jennifer Fountain Connolly
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Ben Harrington (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3034
benh@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February 2018, I caused to be served a true and correct copy of the foregoing Notice of Subpoena to Fidelity Nation Information Services, Inc., to counsel of record at the email addresses listed below.

*/s/ Craig L. Briskin*
Craig L. Briskin

MoginRubin
Jonathan Rubin jrubin@moginrubin.com
Jennifer Oliver joliver@moginrubin.com
Dan Mogin dmogin@moginrubin.com
Jodie Williams jwilliams@moginrubin.com

Don Resnikoff Law
Don Allen Resnikoff
donresnikoff@donresnikofflaw.com

*Interim Class Counsel for the Independent ATM Operators*

Finkelstein Thompson
Doug Thompson
dthompson@finkelsteinthompson.com
Michael G. McLellan
mmclellan@finkelsteinthompson.com

Lovell Stewart Halebian Jacobson
Gary S. Jacobson  GSJacobson@lshllp.com
Christopher Lovell CLovell@lshllp.com

*Interim Class Counsel for the Independent ATM Consumers*

Arnold Porter Kaye Scholer
Mark R. Merley Mark.Merley@apks.com
Matthew A. Eisenstein
Matthew.Eisenstein@apks.com
Rosemary Szanyi Rosemary.Szanyi@apks.com
Karen Otto Karen.Otto@apks.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Skadden Arps Slate Meagher & Flom
Boris Bershteyn Boris.Bershteyn@skadden.com
Peter Greene peter.greene@skadden.com
Tanisha Creed Tanisha.Creed@skadden.com
Harry Koulos Harry.Koulos@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Morrison Foerster
Mark Ladner mladner@mofo.com
Michael Miller MBMiller@mofo.com
Adam Hunt adamhunt@mofo.com
Jessica Kaufman jkaufman@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Paul Weiss
Kenneth A. Gallo kgallo@paulweiss.com
Justin Anderson janderson@paulweiss.com
Gary R. Carney gcarney@paulweiss.com
Benjamin Symons bsymons@paulweiss.com
Donna M. Ioffredo dioffredo@paulweiss.com
Michelle S. Kallen mkallen@paulweiss.com
Zachary Alan Dietert zdietert@paulweiss.com

*Counsel for Defendants Mastercard Incorporated, and Mastercard International Incorporated*

Patterson Bellknap Webb & Tyler
William F. Cavanaugh wfcavanaugh@pbwt.com
Jesse Townsend jtownsend@pbwt.com
Eric LaPre elapre@pbwt.com
Daniel Ruzumna druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Andrew Mackmin, et al. | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil Action No. 1:11-cv-01831-RJL |
| Visa Inc., et al. | ) | |
| | ) | |
| Defendant | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Fidelity Nation Information Services, Inc.
C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: 1856 N. Nob Hill Road, #403
Plantation, FL
33322

| Place: See Attachment A to subpoena (attached) | Date and Time: 03/25/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/23/2018

*CLERK OF COURT*

OR  [signature]

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____, who issues or requests this subpoena, are:

Craig Briskin/Mehri & Skalet, PLLC 1250 Connecticut Avenue, NW, Suite 300, Washington, D.C. 20036/(202)822-5100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:11-cv-01831-RJL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

Where used in this Attachment, the terms identified below shall have the following definitions:

1. "All Documents" means every Document and every non-identical copy known to You and every such Document or writing which You can locate or discover by reasonably diligent efforts.

2. "Access Fee Rule" means any ATM Network rule, regulation, or policy that allows, prohibits, regulates, proscribes, constrains, or otherwise purports to impact in any way the ATM Access Fee that may be charged to an ATM Cardholder by any Bank or Independent ATM Operator.

3. "ATM Access Fee" means any per-transaction fee charged to an ATM Cardholder by an ATM Operator for a cash disbursement, or other transaction, at the time and place of the ATM Transaction.

4. "ATM Acquirer" is a financial institution that is a Bank ATM Operator, or a financial institution that is an ATM Sponsoring Bank for Independent ATM Operators, or both.

5. "ATM Card" or "PIN Debit Card" means any payment card that allows a consumer to access or transact with an account maintained at an ATM Card Issuer through the use of an ATM.

6. "ATM Cardholder" is a consumer that has been issued an ATM Card that allows the consumer to access an account maintained by an ATM Card Issuer.

7. "ATM Card Issuer" is a financial institution that issues ATM Cards.

8. "ATM Interchange Fee" means any per-transaction fee paid by an ATM Card Issuer to an ATM Acquirer or Independent ATM Operator, in whole or in part, for an ATM Transaction.

9. "ATM Fee" means any ATM Access Fee, ATM Interchange Fee, Foreign ATM Fee, ATM Switch Fee, ATM Network Fee, or any other fee or charge assessed or collected in connection with an ATM Cash Withdrawal, including any fees assessed when an ATM Transaction is canceled.

10. "ATM Network" refers to any entity operating a PIN debit or electronic funds transfer ("EFT") network that facilitates ATM Transactions by connecting ATMs to accounts maintained by ATM Cardholders at an ATM Card Issuer.

11. "ATM Network Assessment" means any non-transactional fee charged by an ATM Network to any Independent ATM Operator, ATM Transaction Processor, ATM Sponsoring Bank, or other ATM technology provider in connection with the operation or interconnection of any ATM to an ATM Network.

12. "ATM Network Fee" means any per-transaction fee paid by or on behalf of any ATM Operator to any ATM Network for an ATM Transaction.

13. "ATM Transaction Processor" means any entity that processes or transmits ATM Transaction Data or funds.

14. "ATM Operator" means Bank ATM Operators and Independent ATM Operators.

15. "ATM Rules" means the rules, policies, procedures, mandates, operating regulations, or other requirements issued, enacted or promulgated by an ATM Network related to any aspect of the operation of ATMs.

16. "ATM Sponsoring Bank" means any bank that is a member of any ATM Network that sponsors the interconnection of any Independent ATM Operator or ATM ISO to any ATM Network.

17. "ATM Switch Fee" means the fee paid by an ATM Card Issuer, or an ATM Transaction Processor on the ATM Card Issuer's behalf, to an ATM Network for processing an ATM Transaction and not distributed, in whole or in part, to an ATM Acquirer or Independent ATM Operator as an ATM Interchange Fee.

18. "ATM Transaction" means any transaction initiated by a Cardholder at an ATM.

19. "ATM Transaction Data" means all database entries or other documentation concerning any ATM Transaction processed on an ATM Network that is recorded, stored, or otherwise maintained by or for You, including, without limitation, Cardholder identifying information (anonymized), ATM Card Issuer's bank identification number, transaction date and time, ATM Operator identifying information, ATM location and terminal identification number, ATM Acquirer identification, type and amount of transaction (e.g., Cash Withdrawal, balance inquiry, account transfer or deposit), ATM Fees assessed or paid, amounts paid, received, or disbursed, the brand of the ATM or PIN debit card (*i.e.* MasterCard, Visa, Discover), the identity of the ATM Network over which the transaction was routed, the identity of the Bugs on the PIN Debit Card, and any other information concerning the transaction that is stored by You.

20. "Automated Teller Machine" or "ATM" is an automated terminal or vending device that provides automated cash-dispensing and other banking or financial services by connecting through an ATM Network to an account maintained by an ATM Card Issuer.

21. "Bank ATM Operator" is any financial institution that is a member of either or both the Visa or the MasterCard ATM Networks, or any other ATM Network, and owns and operates ATMs.

22. "Bug" means a service mark or logo belonging to an ATM Network and appearing on a payment card indicating that the payment card is enabled to transact over the identified ATM Network.

23. "Cash Withdrawal" means an ATM transaction in which an ATM Cardholder withdraws cash.

24. "Communication" means any oral, electronic, or written exchange of information of which you have knowledge, information or belief.

25. "Document" has the same meaning as in Federal Rule of Civil Procedure 34(a), and includes Communications as well as Electronic Data.

26. "Electronic Data" means all information of all kinds maintained by electronic data processing systems and includes all non-identical copies of such information.

27. "Foreign ATM Fee" means a fee paid by an ATM Cardholder to an ATM Card Issuer for a Foreign ATM Transaction.

28. "Foreign ATM Transaction" means any ATM Transaction that is not an On Us Transaction.

29. "Including" means "including but not limited to."

30. "Independent ATM Operator" is any entity that owns and operates ATMs and that is not a Bank ATM Operator.

31. "Mastercard" means MasterCard Incorporated and MasterCard International Incorporated d/b/a MasterCard Worldwide, and any of their predecessors, successors, parents,

subsidiaries, and any of their local, regional, national, executive and foreign offices, affiliates, associations, divisions or branches thereof, any present or former partners, officers, directors, employees or agents including attorneys, accountants, advisors and all other Persons acting or purporting to act on their behalf.

32. "On Us Transaction" is an ATM Transaction in which an individual network member bank is both the ATM Card Issuer and the ATM Acquirer for that transaction.

33. "This Litigation" means the coordinated actions of *Mackmin v. Visa Inc.*, *et al.*, Case No. 11-cv-1831 (D.D.C.), *National ATM Council v. Visa Inc., et al.*, Case No. 11-cv-1803 (D.D.C), and *Stoumbos v. Visa Inc.*, Case No. 11-cv-1882 (D.D.C).

34. "Visa" means Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc. and any of their predecessors, successors, parents, subsidiaries, and any of their local, regional, national, executive and foreign offices, affiliates, associations, divisions or branches thereof, any present or former partners, officers, directors, employees or agents including attorneys, accountants, advisors and all other Persons acting or purporting to act on their behalf.

35. "You" and "your" means the recipient of this subpoena, and any predecessor entity, subsidiary, parent, or affiliate, and includes any and all representatives, agents, employees, and all other persons acting or purporting to act on any or all of their behalf, whether authorized or not.

## INSTRUCTIONS

1. Unless otherwise stated in the particular Document Requests set forth below ("Requests"), each Request seeks transactions occurring on or after October 1, 2007 (the "Relevant Time Period").

2.      For any ATM Transaction Data or other aggregate or summary data or data report You produce, please produce any information identifying the data produced, all data dictionaries necessary to correctly interpret field names and values contained in the data; all decoding Documents that facilitate the translation of values contained in the data; and any other materials necessary to understand or interpret the data.

3.      Unless otherwise specifically provided, these Requests are to be construed to request documents pertaining to conditions, activities, events, information, and persons within the United States.

4.      All documents you produce may be designated "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order in this litigation. A copy of that Protective Order is attached as Exhibit 1 hereto.

5.      If any document responsive to these Requests is withheld because you claim such document is privileged or for any other reason, provide the information required by Federal Rule of Civil Procedure 26(b)(5) in a separate privilege log accompanying your responses.

6.      Where an objection is made to any Request, the objection shall state with specificity all grounds therefor.

7.      Documents produced in response to these Requests should be provided in the same form in which they are kept in the usual course of business and, where attached, are not to be separated or disassembled. Electronic Data, as that term is defined, should be produced in electronic form.

8.      Each page or sheet produced is to be marked so as to identify the entity that is producing the document and with consecutive document control numbers. Also, for each document or group of documents, please identify the individual employee or other person(s)

from whose files the documents were obtained, or if not obtained from an individual's files, the department from which the documents were obtained.

9. In order to bring within the scope of these Requests all documents that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the masculine, feminine, or neuter pronoun shall not exclude other genders; and (ii) the use of the verb in any tense shall be recognized as the use of that verb in all other tenses; (iii) the terms "all" and "each" shall be construed as all and each; (iv) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope; and (v) the use of the singular form of any word includes the plural and vice versa.

10. These Requests are continuing in nature and require supplemental responses to the extent called for by Federal Rules of Civil Procedure 26(e).

**Documents Requested**:

1. For each quarter during the Relevant Time Period, documents sufficient to show, by ATM Acquirer, ATM (with identifying number for each terminal, any identification of the type of location, and whether the ATM was bank-owned or non-bank-owned), ATM Network used, and transaction type (e.g., On Us Transaction or Foreign ATM Transaction), the following information for Cash Withdrawals for which you served as an ATM Transaction Processor:

    a. Total number of Cash Withdrawals;

    b. Dollar amount of Cash Withdrawals;

    c. ATM Fees, broken down by type (ATM Access Fee, ATM Interchange Fee, Foreign ATM Fee, ATM Switch Fee, ATM Network Fee, etc.);

    d. Revenue you derived or obtained; and

e. ATM Network Assessments, ATM Network Fees, or any other fees or amounts, broken down by type, you paid or were paid.

2. For each quarter during the Relevant Time Period, documents sufficient to show, by quarter, ATM Acquirer and ATM:

a. Unique identifying number for each ATM;

b. The name, identification number, and type (Bank ATM Operator or Independent ATM Operator) of each ATM Acquirer;

c. Premises type (*e.g.,* bank, supermarket, convenience store);

d. Address;

e. City;

f. State; and

g. ZIP code.

3. Any brochures, offers or promotional materials you received from an ATM Network.

4. Any studies, analyses, calculations, reports, or presentations concerning competition between or among ATM Networks.

5. Documents concerning your policies, practices and procedures, or the policies, practices or procedures of any ATM Network, regarding the assessment and collection of ATM Fees.

6. All communications with Visa, MasterCard or other ATM Networks concerning or relating to ATM Access Fees or any Access Fee Rule.

7. Documents sufficient to show any contract, subcontract, agreement, or understanding You have with any ATM Card Issuer, ATM Acquirer, Bank ATM Operator, or ATM Network concerning ATM Transactions or ATM Fees.

8. Documents sufficient to show Your policies concerning the routing of ATM Transactions, including Documents concerning your ability to route an ATM transaction over an ATM network in order to optimize the revenue or minimize the cost that is generated by that transaction.

9. Documents sufficient to show each schedule of ATM Interchange Fees received, directly or indirectly, from any ATM Network.

10. Documents produced or provided in response to any subpoena or other request issued by any party to This Litigation.