UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW MACKMIN, et al.,

    Plaintiffs,

v.

                                      Case No.: 8:18-mc-00057-35AAS

VISA, INC., et al.,

    Defendants.
_____/

Fidelity National Information
Services, Inc., et al.,

    Third-Parties Defendants.
_____/

## <u>ORDER</u>

Andrew Mackmin, Mary Stoumbos, and National ATM Council, Inc. (collectively, "Plaintiffs") and Fidelity National Information Service, Inc. ("FNIS"), Fidelity Integrated Financial Solutions ("FIFS"), and Armed Forces Financial Network ("AFFN") (collectively, "Third-Party Defendants") appeared for a hearing on Plaintiffs' motion to compel Third-Party Defendants to produce subpoenaed documents. (Doc. 1). For the reasons more fully addressed at the hearing:

(1)    Plaintiffs' motion to compel as to AFFN (Doc. 1, Exs. F & G to Ex.1) is **TAKEN UNDER ADVISEMENT** pending AFFN's production of the data sample described in this order followed by further conferral between Plaintiffs and AFFN. At the hearing, the parties and the court engaged in a detailed assessment of what relevant and proportional information Plaintiffs may seek while also considering the

1

categories of information and reports AFFN either maintains or can reasonably make available for production without undue burden or expense. Additionally, due to the military member consumers who utilize AFFN's ATM network both nationally and on military bases around the world (including at confidential locations), the court addressed confidentially concerns as well.

Consistent with the scope of party discovery permitted by Rule 26(b)(1) as applied to Rule 34 requests for production, document productions sought by a Rule 45 subpoena must be relevant to the claim or defense or any party, proportional, and not privileged. *See* Advisory Committee Note to the 1970 Amendment of Rule 45 ("The changes make clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Additionally, under Fed. R. Civ. P. 45(d)(1), parties to civil litigation have a responsibility to "avoid imposing undue burden or expense" on the third party responding to the subpoena.

Plaintiffs claim the information subpoenaed from AFFN (as well as almost two dozen other third parties consisting of other ATM networks like AFFN as well as ATM processors) is for their experts in the underlying antitrust putative class action against Visa, Mastercard and affiliated banks. More specifically, Plaintiffs indicate that their experts must use the data to create economic models to estimate the ATM access fees that would have prevailed had the alleged anticompetitive restraints on access fees never been implemented.

On the papers, AFFN's most convincing objections to the subpoenas, as served,

were undue burden and expense, both of which were exacerbated by the need to protect confidential information (and do so manually due to the technological limitations of AFFN's system). At oral argument, AFFN better explained which data, such as surcharge fees, it simply did not maintain in a usable and easy to produce format as well as its technological and logistical production limitations. In response to better understanding AFFN's capabilities and stored information, Plaintiffs also narrowed their focus to what information was most relevant and proportional to their experts' economic modeling needs.

After considering the scope and types of information Plaintiffs may properly seek from AFFN and AFFN's limitations and confidential information, the court concludes that AFFN must produce a data sample of the Interchange Reports, identified in the declaration of John M. Broda, the President and CEO of AFFN. (Doc. 9, Ex. 2, ¶ 50(b)). The data sample should be no more than six and no less than four reports (unless otherwise agreed by Plaintiffs and AFFN). By **October 4, 2018**, Plaintiffs and AFFN must agree upon the processors, and the dates and number of reports per processor for the data sample. By **October 19, 2018**, AFFN must produce the agreed upon sample of its Interchange Reports to Plaintiffs. This sample of the Interchange Reports is designated "Highly Confidential" and subject to every protection afforded to that corresponding designation under the protective order (Doc. 1, Ex. D) in the underlying case. Additionally, this court orders that this sample of Interchange Reports remain designated "Highly Confidential" until further order of

this court. Plaintiffs must provide AFFN with a list of every person to whom it discloses this sample of Interchange Reports. By **November 2, 2018**, Plaintiffs and AFFN must file a joint notice updating the court on the status of the motion to compel as to the AFFN subpoenas and to what extent additional court action is needed.

(2) Plaintiffs' motion to compel as to the subpoenas issued to FIFS (Doc. 1, Exs. S, T) is **DENIED without prejudice** because this court lacks jurisdiction to compel compliance with these subpoenas. The FIFS subpoenas call for compliance in Stone Mountain, Georgia, and Atlanta, Georgia—neither of which is in the Middle District of Florida. Under Fed. R. Civ. P. 45(d)(2)(B)(i), Plaintiffs should have filed their motion to compel in the district where compliance is required—the Northern District of Georgia. *See Hunter v. ADP Screening and Selection Servs., Inc.*, No. 6:15-845, 2016 WL 7732538, at *1 (M.D. Fla. May 3, 2016).

(3) Plaintiffs' motion to compel as to the subpoenas issued to FNIS (Doc. 1, Exs, H, I, J to Ex. 1) is **DENIED without prejudice**. The FNIS subpoenas attached to this motion to compel call for compliance in Plantation, Florida. Plantation, Florida is in the Southern District of Florida, so this court lacks jurisdiction over those subpoenas. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); *see also Hunter*, 2016 WL 7732538, at *1. After filing this motion, Plaintiffs issued "revised" FNIS subpoenas, with the only "revision" being that Jacksonville, Florida (more specifically, the Jacksonville address for FNIS's principal place of business) is listed as the place of production. (Doc. 17, Exs. D, E to Ex. 1). Jacksonville, Florida is in the Middle District of Florida.

4

Per its request, FNIS has until **October 8, 2018**, to amend its responses to the revised subpoenas. For the reasons stated at the hearing, any motion practice related to the revised FNIS subpoenas should be filed in this case rather than as a new miscellaneous case in the Jacksonville Division of this District. Plaintiff and FNIS must update the court on the status of the subpoenas and any outstanding objections in the joint notice due by **November 2, 2018**.

**ORDERED** in Tampa, Florida, on September 28, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge