UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANDREW MACKMIN, et al.,**

    **Plaintiffs,**

v.

                                     Case No.: 8:18-mc-57-35AAS

**VISA, INC., et al.,**

    **Defendants.**
_____/

**FIDELITY NATIONAL SERVICES, et al.,**

    **Third-Party Defendants.**
_____/

**ORDER**

Andrew Mackmin, Mary Stoumbos, and National ATM Council, Inc. (collectively, "Plaintiffs") move to transfer their motions to compel subpoenaed data from third-party defendants Fidelity National Information Service, Inc. ("FNIS") and Armed Forces Financial Network ("AFFN") (collectively, "Third-Party Defendants") to Judge Richard J. Leon, United States District Judge for the District of Columbia, under Federal Rule of Civil Procedure 45(f). (Doc. 42). Plaintiffs' motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiffs seek to compel subpoenaed data from Third-Party Defendants and Fidelity Integrated Financial Solutions ("FIFS"). (Doc. 1). Third-Party Defendants and FIFS opposed the motion (Doc. 9), and Plaintiffs replied to their opposition (Doc.

1

17). After a hearing on Plaintiffs' motion to compel, the court issued an order taking the motion to compel as to AFFN under advisement. (Docs. 29, p. 1). The court denied Plaintiffs' motion as to FNIS and FIFS without prejudice, due to lack of jurisdiction over the subpoenas. (*Id.* at pp. 4–5). Plaintiffs reissued their subpoena on FNIS and required compliance in this district. Thereafter, Plaintiffs moved to compel compliance with the reissued FNIS subpoena. (Doc. 41). FNIS responded to renewed motion to compel. (Doc. 48).

Judge Cathy L. Waldor, United States Magistrate Judge for the District of New Jersey, transferred to Judge Leon Plaintiffs' nearly identical motion to compel subpoenaed data from NYCE Payments Network LLC ("NYCE"), a wholly owned subsidiary of FNIS. (Doc. 42-2). In transferring the motion, Judge Waldor concluded the "scale, duration, and complexity of the underlying cases" warranted transfer "so as to not disrupt [Judge Leon's] management of the underlying action." (*Id.* at p. 3). Judge Waldor also noted the "possible relevancy of NYCE's data to class certification," and reasoned "the issuing court is the most appropriate arbiter of this dispute." *Id.* Plaintiffs' motion to compel subpoenaed data from NYCE remains pending before Judge Leon.

Plaintiffs now move to transfer their motions to compel subpoenaed data from Third-Party Defendants to the District of Columbia. (Doc. 42). Third-Party Defendants oppose the motion. (Doc. 45).

2

## II.  ANALYSIS

Federal Rule of Civil Procedure 45 governs out-of-district subpoenas and was amended in 2013.  "As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court ... where compliance with the subpoena is required."  Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *Woods v. Southerncare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala., Nov. 4, 2014).  Here, compliance is required in the Middle District of Florida.

When compliance is disputed, however, Rule 45(f) allows the court to transfer a subpoena-related motion to the issuing court for adjudication if "the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  Although Rule 45(f) does not explain what qualifies as an exceptional circumstance, the Advisory Committee notes explain, in determining whether exceptional circumstances exist,

> the court's prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.  In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts.  Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013).

A district court "should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-800-37BLOOMVALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016) (citing *In re UBS Financial Services, Inc. Securities Litigation*, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015)). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.* (citing *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).

Analysis of these factors militate in favor of transferring Plaintiffs' motions to compel. The duration and complexity of this action favor finding exceptional circumstances. The subpoenas at issue stem from multiple complex antitrust class actions pending before Judge Leon for over seven years in the District of Columbia. Judge Leon is best positioned to assess Plaintiffs' need for the subpoenaed data. *See In re K.M.A. Sunbelt Trading Co.*, 2017 WL 2559790 (M.D. Fla. 2017) (finding exceptional circumstances existed to transfer subpoena-related motion where the issuing court had "intimate knowledge of the underlying litigation, parties, facts, and prior rulings"). The possible relevance of Third-Party Defendants' data to class certification further suggests Judge Leon is the most appropriate arbiter of this dispute. *Victim Services, Inc. v. Consumer Financial Protection Bureau*, 298 F. Supp.

3d 26 (D.D.C. 2018) (finding the resolution of the subpoena-related motion could substantially interfere with the issuing court's management of the underlying class action and potential interference outweighs any potential burden on the on the non-party).

There is also a risk that "the same issues" raised by the subpoena "are likely to arise in discovery in many districts." *See* Fed. R. Civ. P. 45(f) advisory committee's note (2013). Indeed, a nearly identical motion to compel was filed in the District of New Jersey and transferred to the District of Columbia. (*See* Doc. 42-2); *See Edwards v. Maxwell*, No. 15-CV-074-33RWS, 2016 WL 7413505, at *2 (S.D. Fla. Dec. 22, 2016) (finding when presented with nearly identical subpoenas, the burden to reconcile inconsistent orders in two jurisdictions is outweighed by streamlining discovery with consistent decisions in one jurisdiction). Thus, the interests of judicial economy and efficiency support transfer.

The court recognizes litigating this matter in another district will impose some burden.[1] However, compliance with the subpoenas will likely involve electronic production and the burden of travel, if necessary, is slight.[2] *See Judicial Watch*, 307

---

[1] The Advisory Committee notes encourage the court to permit telephonic participation after transfer to minimize travel costs to non-parties in these situations. *See* Fed. R. Civ. P. 45(f) advisory committee's note (2013); *see also Moon Mountain Farms, LLC v. Rural Community Insurance Company*, 301 F.R.D. 426, 430 (N.D. Cal., July 10, 2014).

[2] As stated by Judge Waldor, "because of NYCE's size and access to resources," the burden on NYCE of litigating in Washington D.C. does not "outweigh[] the

F.R.D. at 34 (holding the burden on the subpoenaed party is minimal where electronic production is allowed). In addition, counsel for FNIS and AFFN will be appearing in the District of Columbia on NYCE's motion to compel, and proceedings as to FNIS and AFFN could be consolidated.

The exceptional circumstances here—the risk of inconsistent discovery rulings, the duration and complexity of the case, and the interests of judicial economy and efficiency—outweigh the interests Third-Party Defendants have in litigating Plaintiffs' motions to compel locally.

### III. CONCLUSION

For these reasons, is it **ORDERED**:

1. Plaintiffs' Motion to Transfer (Doc. 42) is **GRANTED**. The Clerk is directed to transfer Plaintiffs' Motions to Compel (Docs. 1, 41) to the United States District Court for the District of Columbia and close this case.

2. Plaintiffs' Motion for Leave to File Reply in Support of Plaintiffs' Motion to Transfer (Doc. 47) is **DENIED AS MOOT**.

3. Third-Party Defendants' Motion for Oral Argument on Plaintiff's Motion to Transfer (Doc. 46) is **DENIED AS MOOT**.

---

countervailing factors that favor transfer." (Doc. 42-2, p. 3). Because NYCE is a wholly owned subsidiary of FNIS, the same reasoning applies to FNIS.

**ORDERED** in Tampa, Florida on February 5, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge